## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Jeremy Charles Beebe*
Case No. 1:19-cr-00002-TMB

By:               THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:      ORDER FROM CHAMBERS

Before the Court is Defendant Jeremy Charles Beebe's Motions for Compassionate Release (the "Motions"), seeking an approximate one-year sentence reduction and release to RDAP aftercare approximately three months before his scheduled early release.[1] The Government does not oppose the Motions.[2] USPO opposes, noting that Beebe has not submitted a plan for medical care to treat his ongoing COVID-19 symptoms, nor has USPO verified his medical records and exhaustion of administrative remedies.[3] For the reasons discussed below, the Motions are **GRANTED**.

### A. Background

Beebe pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2).[4] This Court sentenced him to 78 months in prison, followed by three years of supervised release.[5] He has served approximately 30 months. His current release date from the Bureau of Prisons ("BOP") is September 14, 2024,[6] but he is scheduled for early release to Residential Drug Abuse Program ("RDAP") aftercare on January 22, 2024.[7]

### B. Motions for Compassionate Release

In the Motions, Beebe seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he qualifies as the primary caregiver for his ill father,[8] for better access to RDAP care,[9] and for treatment for his ongoing COVID-19 symptoms not otherwise available at Federal Correctional Institution ("FCI") Sheridan.[10] Beebe's proposed release residence, his father's home, was

---

[1] Dkt. 160 (Motion for Compassionate Release, Pro Se); Dkt. 163 (Amended Motion for Compassionate Release).
[2] Dkt. 166 (Government's Response) at 1–2.
[3] Dkt. 164 (USPO Memorandum).
[4] Dkt. 87 (Plea Agreement).
[5] Dkts. 140 (Judgment), 157 (Amended Judgment).
[6] Dkt. 163 at 2.
[7] Dkt. 163 at 2; 160 at 1.
[8] Dkt. 163 at 1.
[9] Dkt. 160 at 2–3.
[10] Dkt. 160 at 1.

approved.[11] Beebe's father requires care, and neither his father's wife nor his brother is able to assist.[12]

The Government does not oppose reducing Beebe's imprisonment term to time served, but suggests that the remainder of his sentence, including RDAP aftercare, home confinement, and supervised release conditions, should remain.[13]

USPO opposes Beebe's sentence reduction.[14] USPO notes that the Sentencing Guidelines amendments allow serving as a primary caregiver for an incapacitated parent as a basis for compassionate release, but that these amendments are not effective until November 1, 2023.[15] USPO also notes that Beebe seeks treatment for ongoing COVID-19 symptoms but has not yet submitted plans for medical care after release.[16]

USPO also notes that verification remains pending of Beebe's statement he exhausted his administrative remedies by submitting a request to the warden of FCI Sheridan on January 4, 2023; USPO and Beebe's counsel have requested confirmation with documentary evidence.[17] The Government does not challenge Beebe's exhaustion of administrative remedies.[18]

### C. Legal Standard

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[19] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[20] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist where a "defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required."[21] The Sentencing Guidelines note that examples

---

[11] Dkt. 164 at 2.
[12] *Id.*
[13] Dkt. 166 at 2.
[14] Dkt. 164 at 1–3.
[15] *Id.* at 1.
[16] *Id.* at 3.
[17] *Id.* at 1. Beebe's counsel also notes that "[a]s occurs often in compassionate releases, BOP has not provided [documentary evidence of this request] despite counsel's request for institutional records." Dkt. 163 at 3.
[18] Dkt. 166 at 1–2.
[19] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[20] 18 U.S.C. § 3582(c)(1)(A).
[21] 18 U.S.C. § 3582(c)(1); U.S.S.G. § 1B1.13. The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal

-2-

Case 1:19-cr-00002-TMB   Document 167   Filed 11/01/23   Page 2 of 4

may include "metastatic solid-tumor cancer."[22] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under § 3582(c)(1)(A).[23]

### D. Discussion

As a threshold matter, the Court finds that Beebe has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). A district court may consider a sentence reduction motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier[.]"[24] Beebe states that he submitted a compassionate relief request to the Warden at FCI Sheridan first on January 4, 2023, at least thirty days before filing the Motions with the Court.[25] The Government does not challenge that Beebe has exhausted his administrative remedies.[26] Courts have accepted such assertions where there is no reason to assume bad faith on the defendant's part.[27] The Court has no reason to assume that Beebe's statements were in bad faith. Thus, the Court may consider the merits of the Motion.

After review of the Motions, the Court concludes that Beebe has demonstrated conditions that together constitute "extraordinary and compelling reasons" to justify his release with a modest reduction in his sentence.

The Court recognizes, and agrees with the Sentencing Commission, that there may be "extraordinary and compelling" reasons for releasing an individual to serve as a caregiver for an adult family member.[28] Beebe's father requires daily supervision and care, which are necessary activities.

---

quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

[22] U.S.S.G. § 1B1.13.

[23] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).

[24] 18 U.S.C. § 3582(c)(1)(A)(i).

[25] Dkt. 160 at 1.

[26] *See* Dkt. 166.

[27] *See United States v. Levario*, No. 2:12-CR-00399-JAM-1, 2020 WL 3256918, at *2 (E.D. Cal. June 16, 2020) (accepting as true defendant's representation that he requested compassionate release from the Warden where the court had no reason to assume bad faith on the part of defendant or counsel); *United States v. Richardson*, No. 2:17-cr-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020); *United States v. Massengill*, Case No. 3:17-cr-00091-02-TMB, (closed April 11, 2019) (Dkt. 146).

[28] *See* U.S.S.G. § 1B1.13 cmt. n.1(C); *cf. United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding defendant's role as only potential caregiver for his ailing mother was an "extraordinary and compelling reason" for compassionate release); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *2 (N.D. Ohio Oct. 17, 2019) (granting release for defendant to assist in caring for his terminally ill mother).

The Court recognizes that Beebe appears to be the only available caregiver for his father, given his father's physical assistance needs.[29] Beebe's father has a wife (Beebe's stepmother) and another adult son (Beebe's brother), but neither can serve effectively as Beebe's father's caregiver.[30] Beebe's stepmother suffers from collapsed vertebrae that could be surgically corrected, but she has a heart condition preventing her from undergoing surgery; Beebe's brother is unable to assist with needed care because he suffers from anxiety.[31] Considering Beebe's father's need for a caregiver and the modest sentence reduction requested, the Court finds that Beebe's circumstances constitute "extraordinary and compelling" reasons justifying his early release.

The Court further finds that Beebe's proposed release plan is appropriate.[32] Pursuant to the terms of Beebe's supervised release, Beebe will first be released to RDAP aftercare and reside in a Transitional Living Program for the required term of up to six months.[33] USPO conducted a prerelease investigation of Beebe's father's home and approved it as his proposed release residence.[34]

The Court also finds the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of compassionate release in this case. Beebe completed the custodial portion of RDAP and is eligible for RDAP aftercare and home confinement.[35] He has no concerning disciplinary history, and he has engaged in programming while in custody.[36]

Accordingly, and for the reasons discussed above, the Court finds that extraordinary and compelling circumstances exist in Beebe's case. Therefore, the Motions at Docket 160 and Docket 163 are **GRANTED** with the following conditions:

1. USPO shall issue an Amended Judgment consistent with the terms of this Order.

2. Beebe shall be subject to all the standard and special conditions of supervised release imposed in his original judgment, including release to RDAP aftercare followed by home confinement.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 1, 2023.

---

[29] Dkt. 163-1 at 1.
[30] *See id.*
[31] *Id.*; Dkt. 164 at 2.
[32] *See* Dkt. 164 at 2.
[33] *Id.* at 3.
[34] *Id.* at 2.
[35] Dkt. 160-2.
[36] Dkt. 160-2 at 1.